IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EMILY SIMMONS                                                                                    PLAINTIFF

VS.                                                                              CIVIL NO. 1:04CV285-P-D

ALCORN COUNTY, ET AL                                                                         DEFENDANTS

**SECOND AMENDED REPORT AND RECOMMENDATION**

On December 2, 2004, plaintiff, an inmate of the Corinth City Jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is a pre-trial detainee under indictment for murder who suffers from glaucoma and diabetes. She alleges the county will not pay for her medications and she has suffered problems with her feet because of it.

Plaintiff has enunciated a cause of action against Ned Cregreen, Chief of the Corinth Police Department, and Sheriff Jimmy Taylor. By separate order process has been directed to be served upon them.

As stated in the amended report and recommendation no cause of action, however, has been stated against Dance and Wallace, nor has any official policy of the city or county defendant been enunciated whereby they may be held liable under the Civil Rights Act. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The court has adopted the amended report and recommendation and entered its order dismissing Dance and Wallace, but not Alcorn County nor the City of Corinth. Under *Monell* no claim has been stated against these defendants and it is recommended that Alcorn County and the City of Corinth be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 23rd day of May, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE