UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EMILY SIMMONS                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO.1:04CV285-WAP-JAD

NED CREGREEN and
JIMMY TAYLOR                                                                                 DEFENDANTS

REPORT AND RECOMMENDATION

Emily Simmons filed her *pro se* complaint against the Ned Cregreen, the chief of police of Corinth, Mississippi and Jimmy Taylor, the sheriff of Alcorn County.[1] On February 18, 2004, Simmons was arrested on a charge of capital murder. Because her alleged co-conspirator was being held at the Alcorn County Jail, Simmons was housed in the Corinth City Jail, even after being bound over to a grand jury and the legal custody of Alcorn County. She also complains briefly of not being allowed to go to her mother's funeral. This claim is frivolous legally and factually. [2]

Simmons complains primarily that around October, 2004, that she was not supplied with her medications for the treatment of her diabetes and that as a result her feet became extremely swollen and blackened, and alleges that this deprivation of medical care violated her rights. The defendants have filed motions for summary judgment seeking dismissal of the complaint. They have attached

---

[1] The other defendants were dismissed following the *Spears* hearing.

[2] She also complains that she was not allowed to go to her mother's funeral and was told not to even ask to go see her son whom she reports was dying of AIDS. A pretrial detainee rights are controlled by the due process clause of the Fourteenth Amendment, not the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 536 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Pretrial detainees may not constitutionally be punished because they have not been adjudicated guilty. 441 U.S. at 535, 99 S.Ct. at 1871-72. The due process clause does not prohibit regulatory restraints that are merely incident to pretrial detention. VanCleave v. United States, 854 F.2d 82, 84. Not being free to take day excursions as a pretrial detainee charged with capital murder is merely incidental to pretrial detention.

records to the motion showing a five day period beginning on November 4, 2004, during which Simmons received only one of the two medications defendants say were prescribed for her diabetes. The attached emergency room records show that Simmons was taken to the emergency room on November 6th with complaints that her feet were swollen and black in the morning. The emergency room records show slight swelling and a normal pink color. Due to possible peripheral vascular disease, the emergency room doctor recommended arterial doppler studies on both legs. These studies were done on November 12, 2004 and were normal. The motions and attached affidavits assert that neither the chief of police, nor the sheriff were personally involved in the administration of medications to inmates at the jail.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). In order to survive summary judgment, Simmons must produce sufficient admissible evidence to establish every essential element of her claim. She must prove that she was not provided 'reasonable medical care unless the failure to supply it is reasonably related to a legitimate governmental objective. Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987); Van Cleave v. United States, 854 F.2d 82, 84 (5th Cir. 1988); Thomas v. Kippermann, 846 F.2d 1009, 1010 (5th Cir. 1988). She must prove that each of the defendants was personally involved in the deprivation of reasonable medical care since there is no vicarious liability under § 1983 for the wrongs of others. City of Canton v. Harris, 489 U.S. 378, 103 L.Ed.2d 412 ( 1989)(Only those officials who were personally involved in an alleged wrong, those who were

2

deliberately indifferent in training wrongdoers, or those who promulgated the policies followed by the wrongdoers are held responsible.)

Here not only has the plaintiff failed to respond to the motions for summary judgment, but has also failed to provide the witness and exhibit lists required by order of this court. The only proof Simmons could muster at trial would be her own testimony. Her deposition establishing that she has no admissible proof that Taylor or Cregreen had any personal involvement in any denial of medical care[3] and shows her understanding that the evidence she could offer is hearsay and "I know hearsay ain't worth a flip." (Doc. 33. p. 4) Because the plaintiff cannot prove any personal involvement by the defendants in the matters she complains, any other factual disputes are rendered immaterial, and the defendants entitled to judgment in their favor as matter of law.

It is the recommendation of the undersigned that the motions for summary judgment by Taylor and Cregreen be granted and the action dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.

---

[3]

Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 27th day of July, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE